IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00709-WYD-CBS

QFA ROYALTIES, LLC, a Delaware limited liability company; and
QIP HOLDER, LLC, a Delaware limited liability company,

    Plaintiffs,

v.

LAKHANI ENTERPRISES USA CORP., a New York corporation;
IMRAN LAKHANI, individually;
SANDRA FERRANTE, individually; and
RAJIB AHMED, individually,

    Defendants.

## STIPULATED PERMANENT INJUNCTION

THIS MATTER comes before the Court on the Motion for Entry of Stipulated Permanent Injunction (ECF No. 22), filed October 22, 2010.  Based on the Court's review of the file in this matter, the motion is **GRANTED.**

On this date, the Court considered the above-entitled and numbered cause of action between Plaintiffs, QFA Royalties LLC ("QFA") and QIP Holder LLC (collectively "Quiznos") and Defendants Lakhani Enterprises USA Corp. ("Lakhani Enterprises"), Imran Lakhani and Rajib Ahmed (collectively the "Lakhani Parties").  Upon stipulation between Quiznos and Lakhani Parties the Court hereby **GRANTS** the motion and hereby enters the following Stipulated Permanent Injunction Order.

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

    1.    This action arises out of a written Franchise Agreement between QFA and

Lakhani Enterprises, which was guaranteed by Imran Lakhani, Sandra Ferrante, and Rajib Ahmed.  Pursuant to the Franchise Agreement, Defendants were granted the right, subject to the terms and conditions of the Franchise Agreement, to operate a Quiznos restaurant.  Defendants opened Quiznos restaurant number 6696 at 824 Broadway, New York, New York 10003 ("Restaurant").

2. Venue is proper in the United States District Court for the District of Colorado as provided in paragraph 21.1 of the Franchise Agreements.

3. Quiznos has alleged that Defendants failed to comply with the lawful provisions of the Franchise Agreement and that Defendants failed and refused to cure their defaults; that Quiznos terminated the Franchise Agreement, consistent with the express terms of the written Franchise Agreement; that following termination Defendants were required, inter alia, to cease operating as Quiznos franchisees and identifying as Quiznos franchisees, to cease using Quiznos Marks, trade secrets, trade dress, signs, symbols and trade names, to de-identify the former Restaurant by removing the Quiznos Marks, trade dress, signs and symbols and to refrain from operating a competing deli-type restaurants from the former location of Restaurant No. 6696 or within five miles of that or any other Quiznos restaurant location.

4. Quiznos further alleges that notwithstanding the termination of the Franchise Agreement and Quiznos' demand that Defendants cease using Quiznos trademarks and service marks, Defendants continued to hold themselves out to the public as authorized franchisees of Quiznos, passing off their restaurant as being sponsored by, affiliated with, or endorsed by Quiznos.  In particular, Quiznos alleges

that Defendants were using the Quiznos Marks, trade secrets, trade dress, signs, symbols and trade names in connection with the operation of a competing deli-type restaurant at the same location as the former Quiznos Restaurants, and that Defendants and used Quiznos' confidential and proprietary information by selling to the public food using Quiznos recipes, sauces and products.

5. Quiznos and the Lakhani Parties stipulate that the Franchise Agreement relating to the Restaurant has been terminated.

6. In order to avoid the cost, expense and time involved in litigating these issues, te Lakhani Parties have agreed to the entry of this Stipulated Permanent Injunction against them.

7. The Lakhani Parties hereby waive any and all claims that this permanent injunction was improperly entered.

8. Accordingly, the Lakhani Parties now agree to comply with the post-termination covenants in the Franchise Agreement including, but not limited to, their obligation not to own or operate (directly or indirectly) any competing business, as defined in the Franchise Agreements, at the location of Defendants' former Quiznos Restaurant No. 6696, or any location within 5 miles of a Quiznos restaurant for a period of two years, to cease using Quiznos' proprietary Marks, trade secrets, trade dress, signs, symbols and trade names and otherwise comply with the following Order.

Accordingly, IT IS HEREBY ORDERED:

1. The Lakhani Parties, their agents, servants, and employees, and those people in active concert or participation with them, are preliminarily enjoined from:

a. Using Quiznos' Marks or any trademark, service mark, logo, or trade name that is confusingly similar to the Marks;

b. Otherwise infringing Quiznos' Marks or using any similar designation, alone or in combination with any other components;

c. Passing off any of their products or services as those of Quiznos or its authorized franchisees;

d. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

e. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection, or association with Quiznos and its franchisees or any of Quiznos products or services; and

f. Unfairly competing with Plaintiffs or Quiznos franchisees in any manner.

2. For a period of two years, the Lakhani Parties are preliminarily enjoined from owning, operating, or having any direct or indirect interest in any submarine, hoagie, hero-type and/or deli-style sandwich restaurant located or operating within a five (5) mile radius of Defendants' former Quiznos Restaurant or within a five (5) mile radius of any other Quiznos restaurant.

3. The Lakhani Parties shall eliminate their advertising under Quiznos' Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, menus, telephone books, telephone directory assistance listings, and mass mailings used in connections with Defendants'

former Quiznos Restaurant, all at the Lakhani Parties' cost.

4. The Lakhani Parties shall perform their contractual post-termination obligations under the Franchise Agreement, including, without limitation, their obligations to:

    a. Take any and all necessary steps to cancel and/or transfer to Quiznos any telephone numbers associated with Quiznos Marks used in connection with the operation of Defendants' former Quiznos Restaurants; and

    b. Return to Quiznos all operating manuals and other materials provided to the Lakhani Parties in connection with the operation of their former Quiznos Restaurants, and all materials bearing any of Quiznos Marks.

6. The Lakhani Parties shall serve upon Quiznos counsel within ten (10) days after entry of this Order, a written report, under oath, setting forth in detail the manner in which they have both complied with this Order.

Dated: October 29, 2010

                BY THE COURT:

                s/ Wiley Y. Daniel
                Wiley Y. Daniel
                Chief United States District Judge